# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| GABRIELLE WELBORN, | Civil Action No. |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| SUNOCO GAS STATION, A GEORGIA CORPORATION, MUHAMMAD RAZZAQ, INDIVIDUALLY. | |
| Defendant. | |

## COMPLAINT FOR DAMAGES

**COMES NOW**, Plaintiff Gabrielle Welborn (hereinafter "Plaintiff"), by and through undersigned counsel, and files this, his Complaint for Damages against Defendants Sunoco Gas Station, a Georgia Corporation, and Muhammad Razzaq, Individually (hereinafter "Defendants"), and respectfully shows the Court as follows:

### I. NATURE OF COMPLAINT

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages for Defendants' failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, *et seq*. (hereinafter "FLSA") during Plaintiff's employment with Defendants (hereinafter referred to as the "relevant time period").

## II. JURISDICTION AND VENUE

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.

Venue is proper in this district pursuant to 29 U.S.C. § 1391(b) because Sunoco Gas Station, and Muhammad Razzaq reside in this district.

## III. PARTIES

5.

During Plaintiff's employment with Defendants, and at all times material hereto, Plaintiff was a resident of the State of Georgia and is subject to the jurisdiction of this Court.

6.

Sunoco Gas Station is a Georgia Limited Liability Corporation that resides in this district, does business, and is engaged in commerce within the State of Georgia

7.

Sunoco Gas Station is now and, at all times relevant hereto, has been a domestic corporation engaged in an industry affecting commerce.

8.

At all times relevant to this action, Muhammad Razzaq is an individual resident of the State of Georgia who owns and operates Sunoco Gas Station, and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees; and (c) control the finances and operations of Sunoco Gas Station. By virtue of having regularly exercised that authority on behalf of Sunoco Gas Station, Muhammad Razzaq is an employer as defined by 29 U.S.C. § 201, et seq.

9.

Defendants may be served by delivering a copy of the summons and complaint upon its Registered Agent, Muhummad Razzaq at its principal place of business, 378 HWY 155 S, McDonough, Georgia 30253.

10.

Plaintiff was an "employee" of Defendants, as defined by the FLSA, 29 U.S.C.S. § 201 et seq., 29 U.S.C. § 203(e).

11.

Plaintiff performed non-exempt labor for Defendants within the last three (3) years.

12.

Defendants employed Plaintiff during the relevant time period.

13.

During the relevant time period, Plaintiff worked an amount of time that was more than forty (40) hours per workweek and was not paid the overtime wage differential.

14.

Defendants are a municipal employer engaged in interstate commerce, and its gross revenues exceed $500,000.00 per year.

15.

Defendants are classified as an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

16.

During Plaintiff's employment with Defendants, Defendants employed two (2) or more employees which handled goods, materials, and supplied which travelled in interstate commerce.

17.

Defendant is governed by and subject to FLSA §7, 29 U.S.C. §204 and §207.

## IV. FACTUAL ALLEGATIONS

18.

Plaintiff began working at the Store in February 2020 as a Cashier.

19.

With the Store being severely understaffed, Plaintiff immediately began working significant overtime.

20.

Although the normal business hours for Store had it closing at 2AM, Plaintiff would regularly remain at the store until at least 3:30AM, ensuring that all operations had been completed, and the store was cleaned and secured for the next business day.

21.

On or around June 30, 2020, Plaintiff informed her supervisor that she was concerned that she was not being paid for her overtime worked at the Store.

22.

Immediately after, Plaintiff's supervisor began cutting her shifts eliminating entire work periods to where Plaintiff would not even clock forty (40) hours.

23.

Plaintiff contacted her supervisor on several occasions asking when she would be back on schedule, but he failed to respond.

24.

On or around July 3, 2020, Plaintiff's supervisor terminated her alleging that he had been receiving various complaints from customers, which was false.

25.

Plaintiff had built strong relationships with regular customers of the Store, and consistently provided great customer service.

## V. CLAIMS FOR RELIEF

### Count I

### Violation of the Overtime Wage Requirement of the Fair Labor Standards Act

26.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

27.

Defendants have violated the FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207, by failing to pay overtime wages for hours Plaintiff worked more than forty (40) hours in given workweeks and by forcing Plaintiff to work off the clock without compensation.

28.

The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked more than 40 hours in a workweek.

29.

Defendants knowingly and willfully permitted Plaintiff to routinely work more than 40 hours per week without overtime compensation.

30.

Defendants' actions, policies and/or practices as described above violate the FLSA's overtime requirement due to their repeated failure to compensate Plaintiff at the required overtime rate.

31.

Defendants have failed to accurately report, record and/or preserve records of hours worked by Plaintiff, and thus have failed to make, keep and preserve records with respect to each of their employees sufficient to determine their wages, hours, and other conditions and practices of employment, in violation of the FLSA.

32.

Defendants' violations of the FLSA were willful and in bad faith.

33.

Pursuant to the FLSA, 29 U.S.C. § 216, Plaintiff is entitled to recover the unpaid overtime wage differential, liquidated damages in an equal amount to unpaid overtime, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

## Count II

### Violation of 29 U.S.C. § 215(a)(3)
### (FLSA Retaliation)

34.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

35.

Plaintiff complained about not being compensated for her overtime, and instead of Defendants appropriately compensating Plaintiff, Defendants retaliated by subsequently terminating Plaintiff.

36.

29 U.S.C. § 215(a)(3) makes it unlawful for any person…to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA], or has testified or about to testify in any such proceeding, or has served or is about to serve on an industry committee.

37.

The FLSA's definition of the word "person" includes "an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons."

9

38.

Defendants are considered a "person" under the FLSA and are prohibited from retaliating against Plaintiff because he engaged in activity protected under the FLSA.

39.

Defendants' actions, policies and/or practices as described above violate the FLSA's anti-retaliation provision, 29 U.S.C. § 215(a)(3).

40.

Defendants knew that their conduct violated the FLSA, and Defendants acted with malice and/or reckless indifference to Plaintiff's federally protected rights.

41.

Defendants' violations of the FLSA were willful and in bad faith.

42.

Plaintiff engaged in statutorily protected activity under the FLSA by, *inter alia*, by opposing an employment practice he believed was unlawful under the FLSA.

43.

Plaintiff suffered adverse actions as a result of his statutorily protected conduct, *to wit*: Defendants terminated her employment.

44.

Defendants' retaliatory conduct was not "wholly unrelated" and was, in fact, directly related to Plaintiff engaging in activity protected under the FLSA.

45.

Plaintiff's statutorily protected activity was the motivating factor in Defendants' decision to retaliate against her.

46.

As a direct and proximate result of the retaliation, Plaintiff has suffered emotional distress, for which she is entitled to recover from Defendants.

47.

Pursuant to the FLSA, 29 U.S.C. § 215(a)(3), Plaintiff is entitled to recover actual and liquidated damages, including lost wages, as well as compensatory damages, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

## VI. **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)  Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)  Enter judgment against Defendants, awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §§ 206(d), 207, and 216, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages, court costs, expert witness fees, and reasonable attorneys' fees pursuant to 29 U.S.C. § 216, and all other remedies allowed under the FLSA; and,

(C)  Grant declaratory judgment declaring that Plaintiff's rights have been violated;

(D)  Grant Plaintiff leave to add additional state law claims if necessary; and

(E)  Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted the 19th day of May, 2021.

        Respectfully submitted,

        <u>/s/ Jeremy Stephens</u>
        Jeremy Stephens, Esq.
        Ga. Bar No.: 702063
        **MORGAN & MORGAN, P.A.**
        191 Peachtree Street, N.E., Suite 4200
        Post Office Box 57007
        Atlanta, Georgia 30343-1007
        Tel:   (404) 965-1682
        Email: jstephens@forthepeople.com